UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| RICHARD L. WILGUS, ET AL, <br><br> Plaintiffs, <br><br> vs. <br><br> CHIEFTAIN SAND AND PROPPANT ARKANSAS, LLC, ET AL, <br><br> Defendants. | CASE NO. 4:12-CV-04142-SOH |

### AMENDED COMPLAINT AND JURY DEMAND

The amended compliant of Plaintiff RICHARD L. WILGUS and SANDY WILGUS, a resident and domiciliary of Sabine Parish, LA, d/b/a DICK & SONS DIVING SERVICE, states as follows:

### PARTIES

1.   Named Defendant herein is CHIEFTAIN SAND AND PROPPANT ARKANSAS, LLC, a foreign limited liability company, 1228 15th Street, Suite 308, Denver, CO 80202, its registered agent is David Hansen, 1228 15th Street, Suite 308, Denver, CO 80202, not registered to do business in this State.

2.   DAVID HANSEN, a resident of the State of Colorado.

3.   RUSSELL DRIVER, 203 Hunt Drive, Irving, TX 75062, a resident and domiciliary of the State of Texas.

4.   Plaintiffs RICHARD L. WILGUS and SANDY WILGUS, d/b/a DICK & SONS DIVING SERVICE are residents of Louisiana and operate DICK & SONS DIVING SERVICE.

DICK & SONS DIVING SERVICE has a business office located at 55 Perch Drive, Anacoco, LA 71403 in Sabine Parish, Louisiana.

## JURISIDICTION AND VENUE

5. This court has subject matter jurisdiction under 28 U.S.C. §§ 1332 because all Defendants have diverse citizenship from Plaintiffs and the amount in controversy exceeds $75,000, exclusive of interest and cost.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the lawsuit, including the services performed by Plaintiff, occurred in Miller County, Arkansas.

## FACTS

7. On or about January 4, 2012, Defendants contacted Richard Wilgus at his place of business at 55 Perch Drive, Anacoco, Louisiana 71403 in Sabine Parish, Louisiana, and contracted for diving services by Mr. Wilgus' business.

8. Richard Wilgus sent via e-mail a rate sheet for diving and consultation to Richard Binger, an employee of Chieftain Sand on January 4, 2012, and updated it with overtime rates on January 7, 2012.

9. Chieftain Sand agreed to pay the rates quoted for the services provided by Plaintiffs.

10. The work contracted for was an effort to re-float and/or salvage a barge/dredge of Defendants at a location in Miller County, Arkansas.

11. Pursuant to this contract, between January 4, 2012 and January 24, 2012, Richard Wilgus provided divers, labor, equipment and services that totaled $75,246.70 as of January 24, 2012.

12. Time and services performed each day were signed off for by a Chieftain Sand representative.

13. Plaintiffs and their crew concluded their efforts on or about January 25, 2012.

14. Shortly after work was concluded Plaintiffs began to send Chieftain Sand invoices for the services performed and equipment used pursuant to the agreed upon rates and daily time sheets signed off on by Chieftain Sand representatives.

15. Payment was due on or about February 25, 2012 in the amount of $75,246.70.

16. This account also bears a 1-1/2% per month late fee on the unpaid balance.

17. Despite amicable demands Defendants refused to pay for any labor or services provided by Wilgus or his business. Defendants are liable to Plaintiffs in a sum representing the original billed amount together with all accrued expenses, interest, legal interests, court costs and applicable attorney fees.

18. Additionally, work efforts at Defendants' site required the use of several lift bags rented from Unique Services at the rate of $60.00 per day. Defendants have retained possession of one of the said bags and this rent is still accruing.

## CAUSES OF ACTION

### Suit on Open Account

19. Plaintiffs allege and incorporate by reference Paragraphs 1 through 18 above.

20. Defendants secured the diving services of Plaintiffs and the two parties had concurrent dealings based on rates quoted to Defendants and agreed to by Defendants for services performed and goods used in conjunction with services by Plaintiff.

21. Defendants failed to pay the amount due to Plaintiffs.

22. This account bears a 1-1/2% per month late fee on the unpaid balance.

23. Plaintiffs have fully performed their obligations under the terms agreed to by Defendants, and any and all conditions precedent, if any to Plaintiffs' right to recover against Defendants has occurred.

### Breach of Contract

24. Plaintiffs allege and incorporate by reference Paragraphs 1 through 23 above.

25. Defendants breached their agreement with Plaintiffs by refusing to pay the amount invoiced by Plaintiffs.

26. As a result of Defendants breach of the agreement, Plaintiffs have been damaged, continue to be damaged, and will be damaged in the future, including but not limited to damages for the loss of revenue and loss of business relationships with third party suppliers, in an amount that will be proved at the trial of this action, but in excess of $75,000.00.

27. Plaintiffs have fully performed their obligations under the Agreement and all conditions precedent, if any to Plaintiffs' right to recover against Defendants has occurred.

### Breach of Implied Covenant of Good Faith and Fair Dealing

28. Plaintiffs allege and incorporate by reference the allegations set forth above in Paragraphs 1 through 27.

29. Because of the nature of the contractual relationship between Plaintiffs and Defendants, the parties were bound by a covenant of good faith and fair dealing. As such, Defendants owed Plaintiffs a duty of good faith and fair dealing.

30. Plaintiffs allege Defendants acted arbitrarily and unfairly with regard to the contract, and that such acts worked to the disadvantage of Plaintiffs.

## Constructive Fraud

31. Plaintiffs allege and incorporate by reference the allegations set forth above in Paragraphs 1 through 30.

32. In conversations with Plaintiffs, before work began on or about January 4 – January 7, 2012, Defendants asserted that the barge/dredge to be lifted weighed between 70,000 and 80,000 lbs. Much later in the operation it was discovered that the operator of the barge/dredge, an employee of Defendant, knew the dry weight to be between 100,000 lbs. and 110,000 lbs.

33. Defendants owed Plaintiffs an equitable duty to be accurate and thorough in their representations so Plaintiffs' employees, agents and equipment could be properly utilized in the salvage and so Plaintiffs' employees and equipment would not become injured in the salvage operation.

34. The misrepresentation of the weight of the barge/dredge contributed to equipment failures, damage to Plaintiffs' equipment, and a number of difficulties during the salvage operation.

35. Plaintiffs' reliance on the Defendants' representation of the weight of the barge/dredge was justifiable. Plaintiffs used Defendants' representation to calculate the type, method and manner of equipment and personnel to utilize as well as the strategies available to salvage the barge/dredge.

36. As a result of Defendants' misrepresentation Plaintiffs' suffered injury namely equipment failures, damage to Plaintiffs' equipment, and a number of difficulties during the salvage operation.

## JURY DEMAND

37. Plaintiffs demand a trial by jury.

## RELIEF REQUESTED

38. For all the foregoing reasons, Plaintiffs respectfully request that this Court enter judgment against Defendants for:

   a. compensatory damages, including but not limited to, loss of revenue, loss of business relationships with third party suppliers;

   b. pre-judgment interest;

   c. post judgment interest;

   d. costs, and

   e. attorneys' fees.

   f. Any and all other remedies and any and all other relief, in law or equity, to which Plaintiffs show themselves justly entitled.

Respectfully submitted,

*/s/ Morgan D. Vaughan*
Morgan D. Vaughan
Arkansas Bar No. 2008077
Darby V. Doan
Arkansas Bar No. 96064
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX  75503
Telephone:  (903) 255-1000
Facsimile:  (903) 255-0800
Email: mvaughan@haltomdoan.com
Email:  ddoan@haltomdoan.com

**ATTORNEYS FOR PLAINTIFFS, RICHARD AND SANDY WILGUS, D/B/A DICK & SONS DIVING SERVICE**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5.1.  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 11th day of February, 2013.

                                                */s/ Morgan D. Vaughan*
                                                Morgan D. Vaughan